UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-CR-74-PPS-APR-1 |
| | ) | |
| v. | ) | 2:09-CV-214-PPS |
| | ) | |
| JEFFREY AKARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

*Pro se* federal prisoner Jeffrey Akard seeks a correction to his sentence handed down in 2008, claiming that it was miscalculated and misapplied. [DE 86.] But I have limited authority to alter a sentence after imposing it and Akard's redundant filing, containing an argument already rejected by both this Court and the Seventh Circuit, does not present an opportunity for me to do so.

Pursuant to a plea agreement, Jeffrey Akard pleaded guilty to one count of receiving child pornography and consented to a waiver of his rights to appeal. Akard subsequently was sentenced to 170 months imprisonment. [DE 28, 44.] Following the sentencing, and despite the waiver, Akard filed an appeal in the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit dismissed the appeal, finding that "Mr. Akard's waiver in his plea agreement does not make any exception for legal issues and there is no indication that his plea waiver was not knowing and voluntary." *United*

*States v. Akard*, (7th Cir. 2009) (Case No. 08-2947). Following the dismissal of that appeal and once again despite the waiver, Akard filed a 28 U.S.C. § 2255 claim for ineffective assistance of counsel, which I denied with prejudice. [DE 62, 70.] Akard appealed my ruling to the Seventh Circuit, where it was dismissed for lack of jurisdiction due to Akard's failure to comply with Rule 4(a) of the Federal Rules of Appellate Procedure. *United States v. Akard*, (7th Cir. 2011) (Case No. 11-3023). In February 2016, Akard filed an application for an order authorizing the District Court to consider a second or successive petition for collateral review under 28 U.S.C. § 2255 making the same arguments that he presents in his current motion. The Seventh Circuit denied and dismissed Akard's application. *United States v. Akard*, (7th Cir. 2016) (Case No. 16-1265).

Because Akard's motion asks me to correct and re-sentence him, I read it as a motion pursuant to 28 U.S.C § 2255. Under Section 2255, a prisoner may move the sentencing court to vacate, set aside, or correct a sentence, if the sentence was improper. 28 U.S.C. § 2255. A post-sentencing motion that is functionally a motion under Section 2255, such as Akard's, should be treated as such, even if it is labeled differently. *United States v. Henderson*, 264 F.3d 709, 710 (7th Cir. 2001). I am, however, without jurisdiction to hear the claims raised in Akard's motion. The habeas statute makes it clear that Akard must obtain permission from the Seventh Circuit before filing a second or successive Section 2255 petition. 28 U.S.C. § 2255(h). Since he already has filed a previous Section 2255 petition challenging this same conviction, DE 62, and since the

Seventh Circuit denied and dismissed Akard's application for an order authorizing me to consider a second or successive petition for collateral review under 28 U.S.C. § 2255, I am without jurisdiction to rule on the merits of his petition and I must dismiss it. *Kramer v. United States*, 797 F.3d 493, 498(7th Cir. 2015). Therefore Akard's motion is dismissed for lack of jurisdiction.

Because I am denying Akard's motion, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, I must issue or deny a certificate of appealability ("COA"). Rule 11(a), Rules Governing Section 2255 Proceedings. In order to issue a COA where the petition was dismissed on procedural grounds without addressing the underlying constitutional claim, I must find: (1) that reasonable jurists would find it debatable whether the procedural ruling was correct and (2) that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This is a threshold inquiry, so I need only address one component if that showing will resolve the issue. *Id*. at 485. And I am mindful that courts should resolve procedural issues first if their resolution will avoid the need to address constitutional questions. *Id*.

Here, reasonable jurists would agree that Akard has failed to obtain the proper approval for his second Section 2255 motion. Thus, I decline to issue a certificate of appealability. If Akard wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

For the foregoing reasons, Akard's motion [DE 86] is **DENIED** and **DISMISSED** with prejudice. I **DECLINE** to issue a certificate of appealability. The clerk shall enter final judgment accordingly.

**SO ORDERED.**

Entered: January 4, 2017

s/Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT