UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY AKARD, )<br>)<br>Defendant. ) | Cause No. 2:07-CR-074-PPS-APR |

## OPINION AND ORDER

On July 23, 2008, Defendant Jeffrey Akard was sentenced to 170 months in prison, after he pled guilty to one count of receiving child pornography. [DE 44.] Akard later filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he argued that his counsel was ineffective in miscalculating his criminal history level and sentence, did not object to the presentence investigation report, and improperly induced him into entering into the plea agreement. [DE 62.] I denied that motion with prejudice in January 2010. [DE 70; DE 71.] Akard appealed the judgment, and the Seventh Circuit dismissed the appeal for lack of jurisdiction due to Akard's failure to comply with Rule 4(a) of the Federal Rules of Appellate Procedure. *See United States v. Akard*, No. 11-3023 (7th Cir. Oct. 11, 2011).

In February 2016, Akard filed an application for an order authorizing the Court to consider a second or successive § 2255 motion, as required by 28 U.S.C. § 2244(b)(3)(B). The Seventh Circuit denied and dismissed Akard's application. *United States v. Akard* (7th Cir. Feb. 19, 2016). He then filed a motion to correct his sentence nunc pro tunc,

making the same arguments raised in his application for a successive habeas petition. [DE 86.] I denied that motion for lack of jurisdiction while declining to issue a certificate of appealability. [DE 87 at 3–4.]

Akard has now filed a Petition for Extraordinary Relief in Nature of Writ Coram Nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a). [DE 107.] He is no longer in federal custody and is currently incarcerated at New Castle Correctional Facility, in connection with an Indiana state court sentence imposed in 2009. The petition asserts that an error in the determination of Akard's federal sentence prevents him from seeking a "2 for 1 credit of 70 months reduction" of his state court sentence. *See id.* at 3–7. Akard thus requests a hearing on the matter and an order correcting the alleged defect in his sentence. *Id.* at 8–9.

A writ of coram nobis is an "extraordinary remedy," and courts should grant the writ "only under circumstances compelling such action to achieve justice," *United States v. Morgan*, 346 U.S. 502, 511 (1954), and to correct errors "of the most fundamental character." *Id.* at 512; *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007); *see also United States v. George*, 676 F.3d 249, 251 (1st Cir. 2012) (characterizing a writ of error coram nobis as the "criminal-law equivalent" of a "Hail Mary pass in American football"). The writ "is available only where Congress has provided no other remedy, such as habeas corpus." *United States v. Chaidez*, No. 03 CR 636-6, 2010 WL 2740282, at *1 (N.D. Ill. July 8, 2010) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). In the criminal context, the Supreme Court has described coram nobis as "a step in the criminal

2

case and not, like habeas corpus . . . , the beginning of a separate civil [p]roceeding. . . . This motion is of the same general character as one under 28 U.S.C. § 2255." *Morgan*, 346 U.S. at 505 n.4.

The Court in *Morgan*, while acknowledging that coram nobis relief is an "extraordinary remedy," indicated that the codification of federal habeas relief under § 2255 does not preclude granting a writ of error coram nobis to a person who was convicted of a federal crime but is no longer in federal custody. *Id.* at 510–11. The Seventh Circuit has explained that because one requirement of a writ of habeas corpus is that the petitioner be "in custody," *see* 28 U.S.C. § 2255, coram nobis relief would be appropriate where the petitioner was fined rather than given a custodial sentence, or where (as here) the petitioner has already completed a term of custody. *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988). In order to obtain coram nobis relief, the petitioner must show: (1) an error "of the most fundamental character" that renders the proceeding invalid; (2) that he had "sound reasons for the failure to seek earlier relief"; and (3) and that he "continues to suffer from his conviction even though he is out of custody." *See United States v. Delhorno*, 915 F.3d 449, 450 (7th Cir. 2019) (collecting cases).

Akard's petition raises arguments previously presented in his collateral challenges to his sentence pursuant to 28 U.S.C. § 2255. However, he asserts that he has standing to seek relief under the All Writs Act because he is suffering continuing civil disabilities due to the challenged sentencing errors and he had sound reasons to not seek relief earlier. [DE 107 at 3–6.] Akard has made a showing that he suffers continuing

3

consequences of the asserted sentencing errors because he cannot seek to reduce time remaining on his state court sentence. But the record in this case reflects that Akard has, in fact, already challenged the sentencing errors asserted in his petition through multiple collateral challenges to his sentence while he was still in federal custody. I previously considered these collateral challenges to Akard's sentence, including multiple arguments based on ineffective assistance of counsel, and they were denied.

In sum, rather than presenting any "sound reasons" justifying a delay in seeking coram nobis relief, the petition before me reiterates concerns that were previously raised in the multiple collateral challenges that Akard filed during his time in federal custody. On that basis, the motion must be denied. *See United States v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021) (finding petitioner no longer in federal custody could collaterally attack sentencing error by seeking writ of coram nobis, but nevertheless affirming denial of his petition because "the primary argument [petitioner] raises in his *coram nobis* petition—ineffective assistance of counsel—was raised and rejected in his § 2255 motion and may not be relitigated" (citing *Keane*, 852 F.2d at 206)).

I am further persuaded by the analysis of the Court of Appeals in *Baranski v. United States*, 880 F.3d 951 (8th Cir. 2018). It appears that no courts in this circuit have adopted or considered the Eighth Circuit's approach in *Baranski* (or a similar line of reasoning). My denial of Akard's petition will therefore be limited to the foregoing considerations. That said, *Baranski* is worth noting: the panel in that case squarely considered whether the restrictions on successive § 2255 motions codified in 28 U.S.C.

4

§§ 2244(b) and 2255(h) affect the availability of "*coram nobis* relief to a petitioner whose claim would be barred had he petitioned for relief while still in federal custody." *Id.* at 955. The court held that substantive limitations on the filing of second and successive motions under 28 U.S.C. § 2255 "limit the grant of *coram nobis* relief to a petitioner whose motion for § 2255 relief was denied while he was still in custody." *Id.* at 956. In other words, because a writ of coram nobis is an extraordinary remedy "available at the far end of a post-conviction continuum only for the 'most fundamental' errors, it would make no sense to rule that a petitioner no longer in custody may obtain *coram nobis* relief with a less rigorous substantive showing than that required by AEDPA's limitations for successive habeas corpus and § 2255 relief." *Id.* at 956 (quoting *Morgan*, 346 U.S. at 512).

      This rule is in line with the Supreme Court's longstanding guidance that courts are "guided by the general principles underlying . . . habeas corpus jurisprudence," *Calderon v. Thompson*, 523 U.S. 538, 554 (1998), and when, in the civil context, a Rule 60(b) motion for relief from a final judgment "is in substance a successive habeas petition [it] should be treated accordingly," *see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (internal citations omitted). I agree that "it would make no sense to rule that a petitioner," such as Akard here, "may obtain *coram nobis* relief with a less rigorous substantive showing than that required by AEDPA's limitations for successive habeas corpus and § 2255 relief," and therefore his petition is properly "subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h)(1) and (2)." *Baranski*, 880 F.3d 956.

It follows that if Akard wishes to proceed with a successive petition for relief from his sentence, he must seek authorization to file another petition from "a three-judge panel of the court of appeals," rather than filing another collateral challenge to his sentence directly in district court. *See* 28 U.S.C. § 2244(b)(3)(B). Such authorization may only be granted if he presents "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h).

In conclusion, because Akard's petition fails to demonstrate that he had sound reasons for the failure to seek earlier relief, the petition [DE 107] is **DENIED**. The Clerk shall enter final judgment accordingly.

**SO ORDERED**.

ENTERED: March 24, 2023.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT