UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:07-CR-074-PPS-APR |
| ) | |
| JEFFREY AKARD, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

*Pro se* defendant, Jeffrey Akard, filed a Motion for Reconsideration [DE 110] of my prior opinion and order denying his Petition for Extraordinary Relief in Nature of Writ Coram Nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a). [DE 108; DE 109; *see* DE 107.] Because Akard's motion fails to identify any newly discovered evidence or a manifest error of law or fact disturbing my conclusion that he lacked sound reasons justifying his delay in seeking coram nobis relief, it will be denied.

The relevant facts and procedural background are set forth in my opinion and order [DE 108] denying the petition and need not be reiterated for present purposes. In a criminal case, a defendant may file a motion to reconsider a decision entered by the district court. *United States v. Rollins*, 607 F.3d 500, 502–03 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964))."The purpose of such a motion is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *United States v. Garten*, No. 3:12-CR-30320-NJR-1, 2022 WL 2392236, at *1 (S.D. Ill. July 1, 2022) (quoting *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003)). To establish a "manifest error," the movant must show a "wholesale disregard, misapplication, or

failure to recognize controlling precedent" in the court's underlying order—not merely the "disappointment of the losing party." *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

     A writ of coram nobis is an "extraordinary remedy," and courts should grant the writ "only under circumstances compelling such action to achieve justice," *United States v. Morgan*, 346 U.S. 502, 511 (1954), and to correct errors "of the most fundamental character." *Id.* at 512; *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007). *See also United States v. George*, 676 F.3d 249, 251 (1st Cir. 2012) (characterizing a writ of error coram nobis as the "criminal-law equivalent" of a "Hail Mary pass in American football"). The writ "is available only where Congress has provided no other remedy, such as habeas corpus." *United States v. Chaidez*, No. 03 CR 636-6, 2010 WL 2740282, at *1 (N.D. Ill. July 8, 2010) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). In the criminal context, the Supreme Court has described coram nobis as "a step in the criminal case and not, like habeas corpus . . . , the beginning of a separate civil [p]roceeding. . . . This motion is of the same general character as one under 28 U.S.C. § 2255." *Morgan*, 346 U.S. at 505 n.4.

     The Court in *Morgan*, while acknowledging that coram nobis relief is an "extraordinary remedy," indicated that the codification of federal habeas relief under § 2255 does not preclude granting a writ of error coram nobis to a person who was convicted of a federal crime but is no longer in federal custody. *Id.* at 510–11. The Seventh Circuit has explained that because one requirement of a writ of habeas corpus is that the petitioner be "in custody," *see* 28 U.S.C. § 2255, coram nobis relief would be

appropriate where the petitioner was fined rather than given a custodial sentence, or where (as here) the petitioner has already completed a term of custody. *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988). In order to obtain coram nobis relief, the petitioner must show: (1) an error "of the most fundamental character" that renders the proceeding invalid; (2) that he had "sound reasons for the failure to seek earlier relief"; and (3) and that he "continues to suffer from his conviction even though he is out of custody." *See United States v. Delhorno*, 915 F.3d 449, 450 (7th Cir. 2019) (collecting cases).

In my prior opinion and order, I noted that Akard's Petition was based on arguments previously presented in his collateral challenges to his sentence pursuant to 28 U.S.C. § 2255. *Id.* at 3. He had, in fact, already challenged the sentencing errors asserted in his petition through multiple collateral challenges to his sentence while he was still in federal custody. I previously considered collateral challenges to Akard's sentence, including his arguments based on ineffective assistance of counsel, and they were denied. In sum, Akard's petition was denied because it reiterated concerns that were previously raised in the multiple collateral challenges that he filed during his time in federal custody. *Id.* at 4 (citing *United States v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021)).

Akard asserts that my conclusion that he lacked "sound reasons for failure to seek earlier relief" was in error. His argument is that the appeal-waiver provision in his plea agreement was a "sound reason" for the delay, because it effectively "blocked any and all attempts to correct" his sentence while he was in federal custody. [DE 110 at 4.] Akard has failed to present any controlling precedent standing for this proposition. In

3

*United States v. Wilkozek*, the Seventh Circuit clarified that an appeal-waiver provision in an enforceable plea agreement does not strip a court of jurisdiction to consider a defendant's petition for a writ of coram nobis. 822 F.3d 364, 367–68 (7th Cir. 2016). That may be true, but it does not speak to the relevant issue in this case. Indeed, *Wilkozek* affirmed denial of a petition for a writ of coram nobis because the defendant failed to show an "error of the most fundamental character" as to render his criminal conviction "invalid," and did not analyze whether the appeal-waiver provision was a "sound reason" justifying a delay in seeking earlier relief. *Id.* at 368 ("We begin and end our analysis with the first element.").

     As the record in this case makes clear, I have considered the merits of Akard's arguments to vacate, set aside, or correct his sentence, which he has now styled as a basis for seeking a writ of coram nobis. I issued a comprehensive opinion and order denying his arguments for relief – namely, that his guilty plea was not entered knowingly and voluntarily; that his counsel was ineffective in miscalculating his potential sentence and criminal history level; and that his counsel was ineffective in inducing him into entering a plea agreement and negotiating the appeal-waiver provision. [DE 70; DE 71. *See also* DE 87 at 3–4 (denying successive motion to correct sentence nunc pro tunc for lack of jurisdiction).]

     As to the appeal waiver, Akard attempted to appeal his sentence with the assistance of counsel in August 2008, and the Seventh Circuit dismissed the appeal, stating that there "is no indication that his plea waiver was not knowing and voluntary." [DE 58 at 3.] The issue was revisited in the context of Akard's § 2255

4

motion, and I concluded that he failed to make a showing that he did not understand his plea agreement or received ineffective assistance of counsel with regard to the renegotiation of the waiver provision of the agreement. [DE 70 at 4–6.] The law is clear that an appeal waiver is enforceable "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement," *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) (internal citation omitted), and "a voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *see also United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001).

Most importantly, as I previously explained, the Seventh Circuit has held that a defendant "certainly fails" to present "sound reasons" justifying a delay in seeking coram nobis relief where his "primary argument . . . in his *coram nobis* petition . . . was raised and rejected in his § 2255 motion," and "may not be relitigated." *United States v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021) (citing *United States v. Keane*, 852 F.2d 199, 206 (7th Cir. 1988)). Akard does not address this authority in his motion for reconsideration.

For these reasons, Akard's motion for reconsideration [DE 110] is **DENIED**.

**SO ORDERED.**

ENTERED: September 8, 2023.

/ s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5